## MINERS' & MERCHANTS' BANK v. RILEY INV. CO. et al. (BRISTOL, Intervener.)

(Fourth Division.  Flat.  June 27, 1921.)

No. 386–I.

Logs and Logging ⬥⟿33(4)—Liens—Mechanics' Liens—Limitations of Actions.

> The plaintiff bank took a chattel mortgage dated February 8, 1918, on some sawlogs, belonging to the Riley Company, defendant, and recorded its mortgage on September 9, 1918.  On June 6, 1918, the intervener, Bristol, filed a logger's lien on the same logs, and within six months, and on December 4, 1918, began a suit to foreclose the lien, which suit is yet pending in this court.  The plaintiff bank was not made and never afterwards became a party to the Bristol suit to foreclose his logger's lien.  On November 20, 1919, the plaintiff bank brought this suit to foreclose the mortgage on the logs, and on August 23, 1920, the intervener filed his complaint in intervention in this mortgage foreclosure suit, asking to have the chattel mortgage declared void, and for a foreclosure of his logger's lien and a .sale of the logs under the decree of the court in this case.  On demurrer, *held*, the suit in intervention was not begun within six months after the claim of lien was filed, and is therefore barred by statute, and that the statute of limitations runs in favor of the party or parties having an adverse interest as well as in favor of the indispensable party.  Demurrer sustained.

The plaintiff is seeking to foreclose a real and chattel mortgage and a chattel mortgage on the property described in said mortgages.  The amount alleged to be due is $65,000.  The complaint was filed November 20, 1919, and it appears that the chattel mortgage, which was executed February 8, 1918, and filed with the recorder of the Otter recording precinct on the 9th day of September, 1918, covers a certain lot of sawlogs. The complaint in intervention was filed August 23, 1920.  The intervener alleges a logger's lien on the same logs for about $6,000 filed and recorded June 6, 1918, and the commencing of an action in the district court to foreclose the same within six months from the date of filing and recording.  The action referred to is numbered 355–I and entitled William M. Bristol, Plaintiff, v. J. E. Riley Investment Company, a Corporation, Defendant.  The action was filed in this court December 4,

1918, and is still pending before this court. By his complaint in intervention the intervener seeks to have the court decree the chattel mortgage of the plaintiff herein void. His prayer is also for the foreclosure of his logger's lien and a sale of the logs under the court's decree.

To this complaint in intervention the plaintiff has interposed a demurrer upon the following grounds: First, that there is another action pending between the same parties for the same cause; second, that the said complaint in intervention has not been filed within the time limited by the Compiled Laws of Alaska; third, that the complaint does not state facts sufficient to constitute a cause of action.

Albrecht & Taylor, of Iditarod, for plaintiff.

Louis K. Pratt, of Fairbanks, for intervener.

BUNNELL, District Judge. Under the provisions of Compiled Laws of Alaska, §§ 709 to 724, inclusive, a lien may be acquired for labor performed upon sawlogs, and by appropriate proceedings the same may be foreclosed and the logs sold to satisfy the claim for the labor performed. Section 715 provides that the claim must be filed within 30 days after the rendition of the services or after performing the work or labor. By the provisions of section 718 the lien provided for does not bind the logs for a longer period than six months after the claim has been filed unless an action be commenced within that time to enforce the lien. Section 712 is as follows:

"The liens provided for in this chapter are preferred liens and are prior to any and all other liens, and no sale, transfer, mortgage, or assignment of any sawlogs, spars, piles, or other timber or manufactured lumber shall defeat the lien thereon as herein provided."

Under section 719 it is provided that:

"The liens provided for in this chapter shall be enforced by an action and shall be governed by the laws regulating the proceedings relating to the mode and manner of trial and the proceedings and laws to secure property so as to hold it for the satisfaction of any lien that may be against it."

In action No. 355–I the plaintiff, who is the intervener herein, began his action within the time prescribed by statute. The plaintiff in this action is not made a party defendant in action No. 355–I, and the complaint in intervention herein

was not filed until August 23, 1920. The position taken by the intervener is that it was not necessary for him to make the Miners' & Merchants' Bank a party defendant in No. 355–I; that, having instituted that action against the J. E. Riley Investment Company within the time provided by statute, he could bide his time and intervene in any action subsequently brought by any party seeking to foreclose a lien against the same property and have determined therein the question of the superiority of his claim of lien. It is one thing to acquire a lien, and, when once acquired, it is a preferred lien and prior to any and all other liens as provided in section 712, and the lien when once acquired exists for a period of six months, but to continue it in force for a longer period is entirely a different matter. In order to obtain a foreclosure of a lien an action must be commenced in the district court. By commencing such an action within the time provided by statute the lien is preserved during the pendency of the action, but only those who are made parties to the action are bound by the decree of the court. The files and records of the recorder for the Otter recording precinct were available to the intervener herein at the time he instituted action No. 355–I. It was optional with him whether or not he brought an action to foreclose his lien. It was also optional with him whether or not he would contest the lien of any other party upon the same property. The statute of limitations runs in favor of the party or parties having an adverse interest as well as in favor of the indispensable party. Utah Implement-Vehicle Co. v. Bowman (D. C.) 209 Fed. 942, and cases there cited.

The demurrer is sustained.

⬅⟫See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes